IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIESHA SOR | : |
| | : |
| Plaintiff, | : |
| | : |
| vs. | : |
| | : CASE NO.: 2:22-cv-01431-JMY |
| DRANOFF PROPERTIES, INC., | : |
| and | : |
| CARL DRANOFF | : |
| c/o DRANOFF PROPERTIES, INC. | : |
| | : |
| Defendants. | : |

**DEFENDANTS DRANOFF PROPERTIES, INC. AND CARL DRANOFF'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendants Dranoff Properties, Inc. **("DPI")** and Carl Dranoff ("**Dranoff**") (collectively, "Defendants"), by and through their undersigned counsel, hereby answer Plaintiff's Complaint and asserts Affirmative Defenses as follows:

**INTRODUCTION**

1. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

**JURISDICTION AND VENUE**

2. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

3. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

4. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

5. Denied. By way of further answer, Plaintiff filed a Complaint of Discrimination with the Pennsylvania Human Relations Commission that was dual-filed with the U.S. Equal Employment Opportunity Commission. Upon Plaintiff's request, the U.S. Equal Employment Opportunity Commission issued to Plaintiff a Notice of Right to Sue.

## PARTIES

6. Defendants' responses to the allegations in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

7. Admitted in part; denied in part. It is admitted that Plaintiff is an adult individual. As to the remaining allegations of this paragraph, after reasonable investigation, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore, they are denied.

8. Admitted in part; denied in part. DPI admits only that it is a developer that transforms and reimagines urban neighborhoods through various large scale development projects. Except as expressly admitted, the remaining allegations in this paragraph are denied.

9. Admitted in part; denied in part. It is admitted only that Carl Dranoff is the President and founder of DPI. The remaining averments of this paragraph are denied.

10. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

## FACTUAL BACKGROUND

11. Defendants' responses to the allegations in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

12. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

13. Denied.

14. Denied. DPI originally hired Plaintiff to work as a Leasing Consultant in or around November 2005.

15. Denied.

16. Denied.

17. Denied.

18. Denied. By way of further answer, DPI promoted Plaintiff to Director of Sales in May 2018.

19. Denied.

20(i) – (vi)   Denied. The allegations of these paragraphs contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants discriminated against employees on the basis of race are expressly denied.

25. Admitted in part; denied in part. It is admitted only that DPI hired additional staff to support the Arthaus project. Except as otherwise admitted, the remaining allegations of this paragraph are denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied.

31. Denied. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of this paragraph, and therefore, they are denied.

32. Denied.

33. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied.

34. Denied.

35. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied.

36. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied.

37. Denied.

38. Denied.

39. Denied.

40. Denied.

41. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Plaintiff was subjected to discriminatory treatment are expressly denied.

   a. Denied.

   b. Denied.

   c. Denied.

   d. Denied.

   e. Admitted in part; denied in part. It is admitted only that DPI terminated CC. The remaining allegations of this paragraph are denied. By way of further response, Plaintiff's inaccurate and unsupported characterizations of other individuals not a party to this suit are expressly denied.

   f. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied.

   g. Denied.

42. Denied.

43. Denied.

44. Denied. By way of further response, DPI terminated Plaintiff, together with three other employees, over the telephone due to the severity of the COVID-19 pandemic at this time.

45. Admitted in part; denied in part. Dranoff conducted a standard termination with Plaintiff and offered to give a positive employment reference to prospective employers. Plaintiff's

characterizations of "praise" and "recommendation letters" are denied. Except as expressly admitted, the remaining allegations in this paragraph are denied.

46. Denied. By way of further answer, Dranoff informed Plaintiff during the March 30, 2020, call, DPI terminated her employment for financial reasons caused by the COVID-19 pandemic and for her failure to obtain a broker's license. Dranoff also informed Plaintiff that it was terminating three other employees.

47. Denied.

48. Denied. DPIs response to Plaintiff's PHRC Complaint is consistent with what Dranoff told Plaintiff during the March 30, 2020 call, that she was being terminated for financial reasons caused by the COVID-19 pandemic and for her failure to obtain a broker's license. By way of further answer, Plaintiff did not identify Dranoff as a respondent in the charge of discrimination.

49. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is factual in nature, the allegations are denied. By way of further response, Defendants deny that there was a pretextual discriminatory motive for Plaintiff's termination.

50. Denied.

      i. Denied. By way of further response, Plaintiff was unable to meet the expectations of the Director of Sales position. Therefore, upon the start COVID-19 pandemic when Dranoff had to reevaluate its finances, Plaintiff's Director of Sales role was absorbed into the Vice President of Sales and Marketing position, which is held by someone with a broker's license.

  ii. Denied. By way of further response, the requirement and compensation for Plaintiff to obtain her broker's license was set forth in her May 23, 2018, Director of Sales promotion letter from Dranoff. Additionally, Plaintiff expensed approximately $2,000.00 to pay for a Real Estate Brokerage Course which she never completed.

  iii. Denied.

  iv. Denied.

  v. Denied. By way of further response, all allegations that there was a pretextual discriminatory motive for Plaintiff's termination are expressly denied.

  vi. Denied. By way of further response, Dranoff required Plaintiff to be physically present with customers and to be the primary contact with potential buyers. Prior to her termination, Dranoff counseled Plaintiff on her lack of customer contact and disengagement from the sales process.

50. *[sic]* Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is factual in nature, the allegations are denied. By way of further response, all allegations that Defendants terminated Plaintiff on the basis of her race are expressly denied.

**COUNT I**
**Violations of 42 U.S.C. Section 1981**
**([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)**
**-Against Both Defendants-**

51. Defendants' responses to the allegations in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

52. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

53. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is factual in nature, the allegations are denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

54. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is factual in nature, the allegations are denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

55. Denied. During the March 30, 2020 call, Dranoff informed Plaintiff that she was being terminated for financial reasons caused by the COVID-19 pandemic and for her failure to obtain a broker's license.

56. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, Defendants deny there were pretextual reasons for Plaintiff's termination.

57. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants terminated Plaintiff on the basis of her race are expressly denied.

58. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants retaliated against Plaintiff on the basis of her race are expressly denied. By way of further response, all allegations that Defendants retaliated against Plaintiff are expressly denied.

59. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants terminated Plaintiff on the basis of her race are expressly denied.

60. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

## COUNT II
## Violations of Title VII
### ([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)
### -Against Defendant Entity Only-

60.*[sic]* Defendants' responses to the allegations in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

61. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

62. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

63. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

64. Denied. During the March 30, 2020 call, Dranoff informed Plaintiff that she was being terminated for financial reasons caused by the COVID-19 pandemic and for her failure to obtain a broker's license.

65. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, Defendants deny there were pretextual reasons for Plaintiff's termination.

66. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants terminated Plaintiff on the basis of her race are expressly denied.

67. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants retaliated against Plaintiff are expressly denied.

68. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

## COUNT III
### Violations of the PHRA
### ([1] Race Discrimination; [2] Hostile Work Environment; and [3] Retaliation)
### -Against Both Defendants-

69. Defendants' responses to the allegations in the foregoing paragraphs are incorporated by reference as if set forth at length herein.

70. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

71. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

72. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that during Plaintiff's employment, she observed and/or was subjected to racial discrimination are expressly denied.

73. Denied. During the March 30, 2020 call, Dranoff informed Plaintiff that she was being terminated for financial reasons caused by the COVID-19 pandemic and for her failure to obtain a broker's license.

74. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, Defendants deny that there were pretextual reasons for Plaintiff's termination.

75. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants terminated Plaintiff on the basis of her race are expressly denied.

76. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. To the extent any allegation is not a conclusion of law, it is denied. By way of further response, all allegations that Defendants retaliated against Plaintiff are expressly denied.

77. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied. By way of further response, all allegations that Defendants participated in discriminatory and/or retaliatory actions are expressly denied.

78. Denied. The allegations of this paragraph contain conclusions of law to which no response is required and are therefore deemed denied.

**WHEREFORE**, Defendants Dranoff Properties, Inc. and Carl Dranoff respectfully demand judgment in their favor and against the Plaintiff with prejudice, together with all compensatory damages, attorneys' fees, and all other relief as the Court shall deem just and proper.

A–G. Denied. The relief requested herein are categorically denied, including as conclusions of law to which no response is required. To the extent any allegation is not a conclusion of law, it is denied.

## AFFIRMATIVE DEFENSES

Defendants assert the following affirmative defenses but do not accept the burden of proof except as required by applicable law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff fails, in whole or in part, to state a claim or claims upon which relief may be granted, or upon which the relief sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are or may be barred, in whole or in part, by the applicable statute of limitations.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to exhaust administrative remedies.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by her failure to exhaust available internal administrative remedies.

## FIFTH AFFIRMATIVE DEFENSE

Any loss or damage allegedly sustained by Plaintiff was caused by the acts and/or omissions of Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

At all relevant times, Defendants did not violate Title VII, Section 1981, the Pennsylvania Human Relations Act, any statute or common law, or act in any unlawful way towards Plaintiff.

### **SEVENTH AFFIRMATIVE DEFENSE**

To the extent that evidence is discovered that would have given DPI a basis for termination of Plaintiff's employment distinct from the actual reason Plaintiff was terminated, such evidence may bar part or all of Plaintiff's claims for relief.

### **EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff was an at-will employee and had no protected property right in her employment, provided by statute or otherwise.

### **NINTH AFFIRMATIVE DEFENSE**

Any violation of applicable law was not willful.

### **TENTH AFFIRMATIVE DEFENSE**

Plaintiff has suffered no cognizable damage or injury under the laws of the United States of America or the Commonwealth of Pennsylvania.

### **ELEVENTH AFFIRMATIVE DEFENSE**

Defendants did not discriminate against Plaintiff in violation of any law.

### **TWELFTH AFFIRMATIVE DEFENSE**

Liability is precluded because Defendants did not act with discriminatory intent.

### **THIRTENNTH AFFIRMATIVE DEFENSE**

Defendants did not retaliate against Plaintiff in violation of any law.

### **FOURTEENTH AFFIRMATIVE DEFENSE**

Defendants did not create a hostile work environment for Plaintiff in violation of any law.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's decisions, actions, and omissions about which Plaintiff complains were taken for legitimate, non-discriminatory business reasons, in good faith, and Defendants had reasonable grounds to believe that there was no violation of any applicable law.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to compensatory, declaratory, liquidated, or punitive damages.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent that she has mitigated her alleged damages or has failed to satisfy her duty to mitigate her alleged damages, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for punitive damages are barred because Defendants did not engage in willful, deliberate, malicious, or outrageous conduct.

### RESERVATION OF RIGHTS

Defendants have insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendants reserve the right to amend or assert additional defenses which may become known during the course of litigation and discovery or revealed during pretrial proceedings.  This reservation of rights includes, but is not limited to, any additional affirmative defenses that may be necessary should Plaintiff add additional claims to her Complaint.

**WHEREFORE**, Defendants Dranoff Properties, Inc. and Carl Dranoff respectfully demand judgment in their favor and against Plaintiff with prejudice, together with all compensatory damages, attorneys' fees, and all other relief as the Court shall deem just and proper.

Respectfully submitted,

**O'HAGAN MEYER PLLC**

BY:  /s/ *Jacqueline K. Gallagher*
Jacqueline K. Gallagher, Esquire
Candace C. Hardy, Esquire
Attorney I.D. Nos.: 77833 / 326592
Three Logan Square
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
T: (215) 461-3300 / F: (215) 461-3311
jgallagher@ohaganmeyer.com
chardy@ohaganmeyer.com

*Attorneys for Defendants,*
*Dranoff Properties, Inc. and Carl Dranoff*

Dated: June 27, 2022

## CERTIFICATE OF SERVICE

I, Jacqueline K. Gallagher, hereby certify that a true and correct copy of the foregoing *Defendants Dranoff Properties, Inc. and Carl Dranoff's Answer and Affirmative Defenses to Plaintiff's Complaint* has been filed electronically and is available for review and retrieval on the court's website by all counsel of record.

**O'HAGAN MEYER PLLC**

/s/ *Jacqueline K. Gallagher*
Jacqueline K. Gallagher, Esquire
Candace C. Hardy, Esquire
Attorney I.D. Nos.: 77833 / 326592
Three Logan Square
1717 Arch Street, Suite 3910
Philadelphia, PA 19103
T: (215) 461-3300 / F: (215) 461-3311
jgallagher@ohaganmeyer.com
chardy@ohaganmeyer.com

*Attorneys for Defendants,*
*Dranoff Properties, Inc. and Carl Dranoff*

Dated: June 27, 2022